UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL E. BETZER, JR.,

     Petitioner,

                                          CASE NO. 2:08-CV-10246
v.                                    JUDGE BERNARD A. FRIEDMAN
                                          MAGISTRATE JUDGE PAUL J. KOMIVES

THOMAS K. BELL,

     Respondent.
_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S HABEAS APPLICATION
(docket #1) and MOTION FOR RELEASE FROM CUSTODY (docket #6)**

I.     RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.     REPORT:

A.     *Procedural History*

Petitioner Carl E. Betzer, Jr., is a state prisoner currently confined at the Parr Highway Correctional Facility in Adrian, Michigan. Petitioner was convicted of involuntary manslaughter following a jury trial in the Wayne County Circuit Court. On May 8, 2000, he was sentenced to a term of 86-180 months' imprisonment. Petitioner was denied parole on August 3, 2006. On January 16, 2008, petitioner filed this application for a writ of habeas corpus, challenging his denial of parole. As set forth in his amended memorandum of law filed on July 3, 2008, petitioner claims that the parole proceedings in his case were constitutionally defective because of (1) the character of the evidence on which the Board relied; (2) the Board's failure to grant him a full and impartial hearing with advanced notice of adverse information used against him; (3) the Board's failure to establish criteria of judgment in advance of the denial of parole; and (4) the Board's failure to state its reasons

for denial of parole. Petitioner also contends that the amendments to the Michigan parole statutes effected by 1992 Mich. Pub. Act 181 are unconstitutional because: (1) the bill was not properly enacted by the Michigan legislature; (2) the law violates the separation of powers guaranteed by the Michigan Constitution; and (3) the law constitutes an impermissible ex post facto law. Respondent filed an answer to the petition on July 22, 2008, contending that petitioner's claims are not cognizable on habeas review. Petitioner filed a reply on September 12, 2008.

In addition to the habeas application, petitioner filed a motion for relief from custody on April 14, 2008. In this motion, petitioner seeks release pending a determination of his habeas claims. For the reasons that follow, the Court should deny this motion and should deny petitioner's application for the writ of habeas corpus.[1]

B.   *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1]Petitioner has also filed a motion to join writs of habeas corpus and a motion to amend his memorandum of law. These motions are addressed in separate orders filed on this date.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v.*

3

*Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

C.   *Analysis*

Petitioner's arguments can be broken down into two general categories. First, petitioner claims that the denial of his parole was invalid because of the procedures used by the Board in reaching its determination. Second, petitioner argues that the 1992 amendments to the Michigan parole statutes are unconstitutional.

1.   *Denial of Parole and Parole Procedures*

Petitioner challenges the denial of his parole, contending that the Board violated his right to due process of law by relying on inappropriate evidence; failing to grant him a full, impartial hearing with advanced notice of the adverse information upon which the Board would rely; failing to establish advance criteria for judging his suitability for parole; and failing to state its reasons for denying parole. The Court should conclude that petitioner is not entitled to habeas relief on these claims. The Due Process Clause provides that no state shall "deprive any person of life, liberty, or property,

4

without due process of law[.]" U.S. CONST. amend XIV, § 1. By its terms, therefore, the particular procedures required by the clause apply only to deprivations of "life, liberty, or property;" they do not apply to deprivations of other interests. *See Board of Regents v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). In this case, petitioner has no liberty or property interest in being released on parole, and thus the Due Process Clause does not require the state to follow any particular procedures.

"A liberty interest can arise in one of two ways: (1) from the Due Process Clause itself; or (2) from a state or federal statute." *Ho v. Greene*, 204 F.3d 1045, 1058 (10th Cir. 2000). *See generally*, *Sandin v. Conner*, 515 U.S. 472, 477-87 (1995). As to the first, of its own force "[t]he [D]ue [P]rocess [C]lause does not guarantee an inmate a right to parole." *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995); *accord Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Mayberry v. Hudson*, No. 92-2358, 1993 WL 147575, at *1 (6th Cir. May 5, 1993) (citing *Greenholtz* and *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987)). Thus, petitioner has a protected liberty interest only if Michigan law creates such an interest. In the parole context, whether a state law creates a protected liberty interest "turn[s] on the presence or absence of language creating 'substantive predicates' to guide discretion." *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 462 (1989). Thus, to create a liberty interest the regulations at issue must "contain 'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow[.]" *Id.* at 463; *accord Marshall*, 57 F.3d at 672. Under Michigan law, "a prisoner's release on parole is discretionary with the parole board." MICH. COMP. LAWS § 791.234(8); *see also*, *People v. Moore*, 164 Mich. App. 378, 387-88, 417 N.W.2d 508, 512 (1987). Thus, "Michigan's state statutes do not create an explicit entitlement to

5

parole," and thus do not give rise to a protected liberty interest. *White v. Kelly*, 82 F. Supp. 2d 1184, 1189 (D. Colo. 2000) (considering federal prisoner's challenge to denial of parole hearing by Michigan authorities); *accord Mayberry*, 1993 WL 147575, at *1 (same); *Canales v. Gabry*, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994) (Gilmore, J., adopting Report of Morgan, M.J.) (same); *cf. Marshall*, 57 F.3d at 672-73. As the Sixth Circuit has explained:

> After *Olim* [*v. Wakinekona*, 461 U.S. 238 (1983)] and *Inmates* [*of Orient Correctional Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233 (6th Cir. 1991)], it became clear that procedural statutes and regulations governing parole do not create federal procedural due process rights[.] . . . The Michigan procedural limitations do not detract from the broad powers of the Michigan authorities to deny parole. So long as the parole discretion is broad, as in Michigan, "the State has not created a constitutionally protected liberty interest" by enacting procedural rules. *Olim*, 461 U.S. at 249. The parole authorities of the State of Michigan may have been required to follow their own procedural statutes and regulations on parole . . . as a matter of *state* law, but there is not now any viable legal theory by which Michigan state authorities are required to follow such rules as a matter of *federal* due process.

*Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc) (footnote and parallel citation omitted) (emphasis in original); *see also*, *Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (Tarnow, J.).

Because petitioner has no liberty interest in parole, he cannot show that he was denied any liberty interest without due process of law by the Board's failure to grant him release on parole, or by the Board's alleged failure to follow any particular parole procedures. *See Johnson v. Renico,* 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his due process claims.

    2.    *Constitutionality of Michigan Parole Amendments*

Petitioner also challenges the constitutional validity of 1992 Mich. Pub. Act 181, which amended Michigan's parole statutes and became effective on September 22, 1992. Petitioner alleges that John Engler, the Governor of the State of Michigan at the time, illegally altered or amended the

legislative bill and therefore the amended statute is unconstitutional and void under the Michigan constitution, and that the statute violates the separation of powers guaranteed by the Michigan constitution. Petitioner further claims that the statutory amendments violated his rights under the Ex Post Facto Clause of the United States Constitution.

It is not clear from his pleadings whether petitioner contends that the statute itself constitutes a prohibited *ex post facto* law, or whether he is challenging various administrative rules regarding parole which have been altered since his conviction. In either case, his *ex post facto* claim is without merit. Article 1, § 10 of the United States Constitution prohibits states from passing *ex post facto* laws. In *Collins v. Youngblood,* 497 U.S. 37 (1990), the Supreme Court explained that the Ex Post Facto Clause of the U.S. Constitution incorporated "a term of art with an established meaning at the time of the framing of the Constitution." *Id*. at 41. In connection with this interpretation, the Court held that the Clause targets laws that "retroactively alter the definition of crimes or increase the punishment for the criminal act." *Collins,* 497 U.S. at 43 (*citing to Calder v. Bull,* 3 U.S. (Dall.) 386, 391-392 (1798)(Chase, J.); *Beazell v. Ohio,* 269 U.S. 167, 169-170 (1925)). To fall within the *ex post facto* prohibition, a law must be retrospective, *i.e.*; "it must apply to events occurring before its enactment" and it "must disadvantage the offender affected by it." *Weaver v. Graham,* 450 U.S. 24, 29 (1981). Here, petitioner was convicted and sentenced in 2000, for a crime which occurred in October 1999. Thus, 1992 Mich. Pub. Act 181, which became effective in 1992, was not retrospectively applied to petitioner, and its application to petitioner does not violate the Ex Post Facto Clause. *See Masarik v. Governor of Mich.*, No. 2:08-CV-12218, 2008 WL 2608184, at *1 (E.D. Mich. June 30, 2008) (Borman, J.); *Alsup v. Governor*, No. 08-10981, 2008 WL 880000, at *1 (E.D. Mich. Apr. 1, 2008) (Roberts, J.).

To the extent that petitioner is challenging not the statute itself, but retroactive application of

parole guidelines or Parole Board policies, his claim is likewise without merit because retroactive applications of this type do not implicate the Ex Post Facto Clause. Particularly on point is the Second Circuit's decision in *Barna v. Travis*, 239 F.3d 169 (2d Cir. 2001). In that case, the prisoner argued that the Ex Post Facto Clause was violated by the application of amended parole guidelines in her case. The court rejected this argument, noting that the New York parole statutes gave the parole board complete discretion in granting or denying parole, and that the guidelines were, pursuant to statute, created by the board for the purpose of aiding in its exercise of discretion. *See id*. at 171. In light of this scheme, the court rejected the prisoner's ex post facto argument, explaining:

> Nor is there merit in plaintiffs' claims that State parole procedures adopted after they were incarcerated violate the Ex Post Facto Clause. That Clause applies only to "legislative action that retroactively 'punishes as a crime an act previously committed, which was innocent when done,' 'makes more burdensome the punishment for a crime, after its commission,' or 'deprives one charged with crime of any defense available according to law at the time when the act was committed.'" *Doe v. Pataki*, 120 F.3d 1263, 1272 (2d Cir.1997) (quoting *Beazell v. Ohio*, 269 U.S. 167, 169-70, 46 S.Ct. 68, 70 L.Ed. 216 (1925)). A law that is merely procedural and does not increase a prisoner's punishment cannot violate the Ex Post Facto Clause even when applied retrospectively. *See California Dep't of Corrections v. Morales*, 514 U.S. 499, 507-09, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995).
> The Ex Post Facto Clause does not apply to guidelines that do not create mandatory rules for release but are promulgated simply to guide the parole board in the exercise of its discretion. *See, e.g.*, *DiNapoli v. Northeast Regional Parole Commission*, 764 F.2d 143, 145-47 (2d Cir.), *cert. denied*, 474 U.S. 1020, 106 S.Ct. 568, 88 L.Ed.2d 553 (1985). Such guidelines "are not 'laws' within the meaning of the ex post facto clause." *Id*. at 147; *Beltempo v. Hadden*, 815 F.2d 873, 875 (2d Cir.1987) (quoting *DiNapoli*).

*Id*. Michigan's parole guidelines, like those of New York considered in *Barna*, were created by the Board pursuant to statute, and are designed to guide the Board in its exercise of discretion. And, like the New York parole statutes, "Michigan's parole statute does not create a protected liberty interest in parole because the statute does not place any substantive limitations on the discretion of the parole board through the use of particularized standards that mandate a particular result." *Johnson v. Renico*,

8

314 F. Supp. 2d 700, 712 (E.D. Mich. 2004) (Gadola, J.). Thus, for the reasons explained by the court in *Barna*, petitioner's ex post facto claim is without merit. *See also*, *Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir. 1986); *cf. Shabazz v. Gabry*, 123 F.3d 909, 915 (6th Cir. 1997). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

Finally, petitioner's claim that the statute was not validly enacted under the Michigan constitution and that the statute violates the separation of powers between branches of state government is not cognizable on habeas review because it raises an issue of state law. It is well established that "a federal court may not grant habeas relief based on 'a perceived error of state law.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). As the Supreme Court long ago explained, "whether the statutes of a legislature of a state have been duly enacted in accordance with the requirements of the constitution of such state is not a federal question[.]" *Leeper v. Texas*, 139 U.S. 462, 467 (1891). Thus, petitioner's claim that the enactment of 1992 Mich. Pub. Act 181 was not proper under the Michigan constitution is not cognizable on habeas review. *See Swantak v. Governor*, No. 08-10939, 2008 WL 919624, at *1 (E.D. Mich. Apr. 2, 2008) (Tarnow, J.); *Alsup*, 2008 WL 880000, at *1. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief based on his constitutional challenges to 1992 Mich. Pub. Act 181.

D.   *Petitioner's Motion for Release from Custody*

In a separately filed motion, petitioner seeks release from custody pending review of his habeas application. The Court should deny this motion.

Release from custody pending the disposition of an application for habeas relief–either while the petition is pending in the District Court or while an appeal from a denial of the petition is pending in the Court of Appeals–is "reserved . . . for extraordinary cases involving special circumstances or

a high probability of success." *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (internal quotation omitted); *see also*, *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, Circuit Justice); *Lordi v. Ishee*, 22 Fed. Appx. 585, 586 (6th Cir. 2001); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). Petitioner has identified no extraordinary circumstances which would justify his release. Nor is there a high probability of success because, as explained above, petitioner has no constitutional right to release on parole and his constitutional claims are without merit or not cognizable on habeas review. Further, release pending disposition of petitioner's habeas application would be particularly inappropriate here because even if petitioner's claims had merit, the relief to which he would be entitled would not be release from custody but a new parole consideration. Because petitioner has not demonstrated a high probability of success on his claims and has not offered any special circumstances justifying release pending the disposition of his habeas application, the Court should deny petitioner's motion for release from custody.

E.  *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's habeas claims are without merit or not cognizable on habeas review. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. The Court should also deny petitioner's motion for release from custody.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ PAUL J. KOMIVES<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE

Dated: December 30, 2008

I hereby certify that a copy of the foregoing document was served upon Carl Betzer, Reg. No. 310899, 2727 E. Beecher St., Adrian, MI 49221 and counsel of record on December 30, 2008, by electronic and/or ordinary mail.

S/William F. Lewis<br>Case Manager

11